## ELLINGTON v. SHIMEALL et al.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1925.)

No. 263.

Bankruptcy ⬋440—Bankrupt held not entitled to have order of District Judge revised by merely pointing out inconsistency between order and finding of special master.

Bankrupt cannot have order of District Judge overruling exceptions to special master's report revised by merely pointing out inconsistency between such order and some particular advisory special finding of master, where master's report embraced all evidence in case; his only remedy being to bring up whole record on appeal, record presenting question of fact, and not of law.

Petition to Revise Order of the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

On petition of Benjamin F. Ellington, bankrupt, to revise an order of the District Court overruling exceptions to report of special master, to whom had been referred involuntary petition in bankruptcy filed by Glen W. Shimeall. Petition to revise dismissed.

William Wallace, of Topeka, Kan. (John W. Newell, of Topeka, Kan.; on the brief), for petitioner.

R. C. Grier, of St. Louis, Mo. (W. T. Chaney, Guy L. Hursh, John L. Hunt, and Arch M. McKeever, all of Topeka, Kan., on the brief), for respondents.

Before STONE and KENYON, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge. This matter came to this court on the petition of Benjamin F. Ellington, an alleged bankrupt, to revise an order of Hon. John C. Pollock, judge of the District Court of the District of Kansas, overruling certain exceptions to the report of a special master to whom had been referred an involuntary petition in bankruptcy for the taking of testimony and ascertaining and reporting the facts.

The alleged bankrupt had appeared to the involuntary petition and challenged the jurisdiction of the court upon the ground that he had not had his principal place of business, resided or had his domicile within the territorial jurisdiction of the said District Court for the preceding six months, or the greater part thereof.

The record discloses that the involuntary petition originally came before the court to be heard and that certain oral testimony was taken; that before the conclusion of the trial proceedings were suspended and the matter referred to the special master. That in the proceedings before the special master certain affidavits were admitted in evidence, a transcript of the testimony taken before the District Court, and additional testimony taken before the special master.

The special master thereupon returned a report which included eleven special findings of fact. The special master further reported "that after argument of counsel the matter of reference was submitted to me on the pleadings, affidavits, evidence taken and had and herewith returned." The special master returned as a part of his report the transcript of the oral evidence taken and the affidavits, none of which however are included within the record filed in this court. On return of the special master's report the alleged bankrupt filed exceptions, which taken by and large, raise the contention that the findings of the special master conclusively show that the alleged bankrupt had resided in the state of California for the greater portion of the preceding six months and since October 30, 1923; that on the findings his domicile in California since October 30, 1923, was conclusively to be presumed.

The question of the jurisdiction of the District Court for the District of Kansas was submitted and heard upon the master's report. The District Judge found that the proofs were sufficient to uphold the jurisdiction of the court and overruled the exceptions. It would appear from the petition to revise and the argument of the alleged

bankrupt that it was conceived that the matter to be here revised was the report of the special master rather than the order of the District Court. The point really contended for is a claimed inconsistency between certain special findings of the special master and the ultimate finding by the District Judge. Now, as we have said, the matter came before the District Judge upon the master's report which included not only the special findings (which by the way were merely advisory) but the affidavits in evidence and the testimony of the witnesses at large. Clearly the petitioner cannot have the order of the judge revised merely by pointing out an inconsistency between such order and some particular advisory finding of the special master, when the report of the special master embraces all of the evidence in the case. In such case the alleged bankrupt's only remedy was to bring up the whole record upon an appeal, as the record on the whole presented a fact question and not a question of law.

In view of the state of the record the petition to revise must be dismissed; and it is so ordered.